**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4340

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH EARL PIPER, a/k/a Smoke Piper,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:21-cr-00106-D-1)

Submitted:  November 21, 2023                    Decided:  November 28, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** John L. Warren III, LAW OFFICE OF BILL NETTLES, Columbia, South Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Earl Piper pleaded guilty to carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2119, and brandishing firearms in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). The district court sentenced Piper to 198 months' imprisonment and he now appeals. Piper's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Piper's guilty plea is valid and whether Piper's sentence is reasonable. Piper has filed a supplemental pro se brief raising a claim of ineffective assistance of trial counsel. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Piper's plea agreement. For the following reasons, we affirm in part and dismiss in part.

First, Piper's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by an independent factual basis, and that the plea did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); *Williams*, 811 F.3d at 622.

2

Because Piper neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Piper "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). We have reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 in conducting Piper's plea colloquy, *see Williams*, 811 F.3d at 622, and we find that Piper's guilty plea is valid.

Next, we review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). We will generally enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Based on our review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Piper knowingly waived his right to appeal, with limited exceptions, and that the waiver is valid and enforceable. Accordingly, we grant the Government's motion to dismiss Piper's appeal as to all issues within the waiver's scope.

With respect to the argument raised in Piper's pro se brief, although ineffective assistance of counsel claims fall outside the scope of the waiver, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel

3

rendered ineffective assistance, Piper's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

We have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of Piper's valid appellate waiver. Accordingly, we grant the Government's motion to dismiss Piper's appeal in part and dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the district court's judgment.

This court requires that counsel inform Piper, in writing, of the right to petition the Supreme Court of the United States for further review. If Piper requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Piper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*